Tucker, P.
From the nature of the action of detinue, I think nothing can be more clear, than that it never can lie against a party who has never had the possession. Its object is to recover the identical property, which cannot be had from him who has it not. Hence the decision, that it will not lie against .the executor of a bailee who has destroyed or converted the chattel; Bull. Ni. Pri. 50. and that where there are three executors, one of whom only has the property in possession, it will lie against him only. In short, it is, an action given in respect to the supposed possession of the defendant, and therefore will not lie where he has never had it. In every aspect, in which we can look at the action, this result is apparent. For, taking the doctrine of Burnley v. Lambert, 1 Wash. 308. as undeniable,— that detinue will lie against a party who has once had the possession, though he parted with it before the ema *44 nation of the writ, because he cannot deprive the owner an acti°n which he once had; yet this is because he may be distrained by his goods and lands, until he regains the chattel and delivers it over in obedience to the exigency of the writ. Such a process may, indeed, be appropriate against one who, having once had the possession, has fraudulently eloigned it before action brought; but it would be unreasonable that the lands and goods of the executor himself, who never had possession, should be distrained for the omission to surrender what he had not; and it would be most mischievous, if the whole estate of the testator in the hands of the executor, should be sequestered, to the prejudice of all the creditors, and without benefit to the plaintiff in detinue; since the issues and profits cannot be appropriated to him, but must go to the commonwealth. But where the executor himself has the possession, the judgment is against him for the property, and the process of distringas properly issues against him, not against the testator’s estate.
On the first suggestion of the question, I was somewhat doubtful, whether the action of detinue (in which the testator might have waged his law, 3 Blacks. Comm. 152. 345.) would lie against an executor upon the detention of his testator. It seems, however, unquestionable that it does; and the declaration charges the finding or bailment and detention by the testator, and the subsequent possession and detention by the executor; and this last, as we have seen, is altogether essential. See Rastall’s Entries 210. 7 Wentw. 647. 648. But still it does not lie unless the executor has possession. 1 Wms. Saund. 216. note 1. Bro. Abr. Detinue. 19. 8 Vin. Abr. Detinue. D. pl. 1.4. D. 5. pl. 19. B. 2. pl. 1.
If then the action lies against the executor, it is susceptible of being revived under our statute, 1 Rev. Code, ch. 128. § 38. But it is obvious, that the scire facias to revive must set forth, by way of suggestion at *45 least, the material allegation, that the property had come to the hands of the executor since the testator’s death-For otherwise, it does not appear that the action would have lain against the executor; and of course, it does not appear that it was susceptible of being revived against him. Where that is charged, the executor may plead non detinet, and if found for him the action is barred; but if found against him, the judgment must be for the thing, or its alternative value, against him personally, and for damages from the date of the detention by the testator, to the time of the verdict, to be recovered de honis testatoris. For though the profits since the testator’s death have been received by the executor, yet by pursuing the original action, instead of commencing a new one against the executor for his detention alone, the plaintiff shews his election to consider him as taking the profits qua executor, and he must take his judgment accordingly. If, indeed, he prefers, I have no doubt he may sue the executor in detinue, and recover damages for his detention, out of his own proper goods; since it is his own fault that he has detained the property of another, and it is no justification for his doing so, that he found the property among his testator’s effects, and held it only as executor. So too, if the property never came to the executor’s hands, the owner is not without his remedy, but may have it either by action of trover, if it was converted by the testator, or by action for money had and received if he had received it.
Such, I apprehend, are the principles applicable to this matter. In this case, those principles are disregarded, and the errors are gross and palpable. There is but one issue, and that is upon the detention of the testator. To that issue the jury has not responded at all, but has found that the executor detained; which it was not sworn to try, which was not in issue, and which indeed was not even charged any where in the pleadings. Upon this verdict, too, there is a judgment for the *46 damages against the executor de bonis propriis, though ^ is fairly presumable, that a part of them accrued during his testator’s lifetime.
. I am of opinion, that the judgment should be reversed, and the verdict, and all the proceedings up to the scire facias, set aside. That scire facias, being irreguiar and defective, may then either be quashed on the plaintiff’s motion, and a new scire facias awarded; or he may file a declaration on the scire facias, containing the necessary suggestions; and if he fails to do either, this scire facias will be open to the demurrer of the defendant. And thus, in one or the other way, the case will be properly prepared for a final decision.
The other judges concurred. Judgment reversed &c.